OPINION
{¶ 1} Martin Flemings appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which terminated his parental rights with respect to Shemar Flemings.
 {¶ 2} Montgomery County Children Services ("MCCS") filed a neglect and dependency complaint on September 28, 2001, as a result of an incident in which 15-month-old Shemar had been left home alone for several hours. The complaint also noted that three of Shemar's siblings had been adjudicated to be abused, neglected, or dependent in the past. The trial court granted temporary custody to MCCS. A case plan was developed for Flemings and Shemar's mother, Delois Montgomery.
 {¶ 3} From October 2001 through December 2002, caseworkers developed a case plan and made some modifications to it with the goal to place Shemar with one or both of his parents. Pursuant to the written case plans, Flemings was required to do the following: complete a domestic violence program, establish paternity of Shemar, complete a drug treatment program, maintain regular contact with the caseworker, visit Shemar regularly, engage in after care services, complete psychological and parenting assessments, attend parenting classes, and attend individual counseling.
 {¶ 4} Temporary custody was extended in December 2002 with the agreement of the parents. In March 2003, temporary custody was extended a second time due to the parents' failure to make progress on the case plan. On June 19, 2003, MCCS moved for permanent custody of Shemar. On September 3, 2003, the motion was modified to seek permanent custody or, in the alternative, to grant legal custody to the maternal grandmother, Mary Montgomery.
 {¶ 5} On November 26, 2003, a magistrate conducted a hearing and the guardian ad litem filed his report and recommendation. The magistrate subsequently recommended that permanent custody be granted to MCCS. Flemings filed objections to this recommendation. On July 15, 2004, the trial court adopted the recommendation of the magistrate.
 {¶ 6} Flemings appeals from the judgment of the trial court, raising one assignment of error.
 {¶ 7} "The trial court's decision to grant permanent custody of shemar flemings to the montgomery county children services board was improper."
 {¶ 8} Flemings claims that the trial court's decision was against the manifest weight of the evidence and not supported by clear and convincing evidence. He claims that he had complied with "most everything" in the case plan insofar as it had been clear to him, and that the caseworker had testified about requirements that were not in the case plan. He asserts that Shemar could have been placed with him within a reasonable time and that MCCS had not shown that it was in Shemar's best interest to grant permanent custody to MCCS.
 {¶ 9} The trial court may give an agency permanent custody of a minor child if it decides, by clear and convincing evidence, that the placement is in the best interest of the child and if the child has been in the temporary custody of the agency for twelve or more months of a consecutive twenty-two month period. R.C. 2151.414(B)(1)(d). The court must consider all relevant factors in determining a child's best interest, including the following:
 {¶ 10} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 11} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 12} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 13} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency." R.C.2151.414(D).
 {¶ 14} On appeal, we must affirm the decision of the trial court unless its determination is not supported by clear and convincing evidence. Clear and convincing evidence is proof that produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In rePieper Children (1993), 85 Ohio App.3d 318, 326,619 N.E.2d 1059.
 {¶ 15} It is undisputed that Shemar had been in the custody of MCCS for more than twelve months of a consecutive twenty-two month period. Thus, the only question in dispute was whether it was in Shemar's best interest to be placed in the permanent custody of MCCS. The evidence showed that Shemar's foster family was very interested in adopting him and that he had bonded with that family. Flemings did not have a significant history of regular visitation with Shemar, and the trial court found that his failure to complete the case plan objectives demonstrated a lack of commitment to the child. Although there was allegedly some confusion on Flemings' part as to the requirements of the case plan, and there were indeed some discrepancies between the written case plan objectives and the caseworker's testimony regarding those objectives, the trial court astutely observed that Flemings did not complete either set of objectives. The court also noted that Flemings did not contact MCCS to clear up any confusion and that he had failed to attend the semiannual review of the plan. Although Flemings had made some effort to comply with various aspects of his case plan, and some of the objectives had apparently been satisfied, the case plan as a whole had not been completed to the caseworker's satisfaction. Further, the guardian ad litem concluded that "the parents have failed to show that they have established a stable lifestyle free from substance abuse that would be a suitable environment to place the child." Based on this evidence, the trial court could have reasonably concluded, by clear and convincing evidence, that it was in Shemar's best interest to grant permanent custody to MCCS.
 {¶ 16} Flemings also contends that the trial court erred in rejecting Mary Montgomery's attempt to obtain legal custody of Shemar. Montgomery was Shemar's maternal grandmother. The trial court "question[ed] her dedication to the child." Montgomery had first shown interest in obtaining custody of Shemar only a few weeks before the hearing, and had not visited with him over an extended period of time. Moreover, Montgomery was not forthcoming with MCCS about the fact that she lived with her fiancé. She originally reported that she and another grandson were the only ones in her household. As such, MCCS had been unable to check on the fiancé's background and the nature of his interaction with the child. Under these circumstances, the trial court reasonably determined that Shemar's best interest would not be served by placing him with Montgomery.
 {¶ 17} In sum, the evidence strongly supports the trial court's conclusion that Shemar's best interest will be served by granting custody to MCCS, with the hope that he will be adopted by his foster family.
 {¶ 18} Finally, Flemings refers in his brief to the issue of whether Shemar could be placed with him "within a reasonable time," and the magistrate also referred to this standard in the report and recommendation. We note that, in some circumstances, it is appropriate for the court to consider whether the child can be reunified with his parent(s) within a reasonable period of time. See, e.g., 2151.414(B)(1)(a). However, under the plain language of R.C. 2151.414(B)(1)(d), when a child has been in a children services agency's temporary custody for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, a trial court need not make this determination. When considering a permanent custody motion brought pursuant to R.C. 2151.414(B)(1)(d), the only other consideration is the best interest of the child. See In reMoody (Aug. 7, 2000), Athens App. No. 99 CA 62; In re Barker
(June 16, 2000), Champaign App. No. 20001. A trial court need not conduct an R.C. 2151.414(B)(1)(a) analysis of whether the child cannot or should not be placed with either parent within a reasonable time.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} The judgment of the trial court will be affirmed.
Grady, J. and Young, J., concur.